IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIMBERLY WINDER
   *Plaintiff,*

v.                                      Civil Action No.: ELH-11-708

MELISSA CLITANDRE
   *Defendant.*

**MEMORANDUM OPINION**

This motor vehicle tort case was initially filed by Kimberly Winder, plaintiff, in the Circuit Court for Baltimore City. On the basis of diversity jurisdiction, Melissa Clitandre, defendant, removed the case to federal court, pursuant to 28 U.S.C. § 1332 (ECF 1). Defendant filed her Notice of Removal (ECF 4) with the Circuit Court for Baltimore City on March 14, 2011. The docket entries of this Court reflect that the Complaint (ECF 2), and all accompanying State court filings, were received by this Court on March 16, 2011.

On March 30, 2011, plaintiff filed a Notice of Voluntary Dismissal Without Prejudice ("Notice," ECF 9), pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i). One day later, on March 31, 2011, defendant filed her Answer to Complaint (ECF 10) and Objection to Plaintiff's Dismissal Without Prejudice and Motion to Strike Dismissal to Plaintiff's Notice. ("Opposition," ECF 12).

In her Opposition, defendant complains that plaintiff filed her Notice to ensure that plaintiff has access to "the more liberal venue of the Baltimore City Circuit Court." Opposition ¶ 4. Defendant asserts that she has expended time and costs preparing for the case, and as such,

plaintiff should not be allowed to "forum shop."  *Id.* ¶ 5.  However, defendant states that she would have "no objection" were plaintiff to request dismissal with prejudice.  *Id.* ¶ 6.

Rule 41(a)(1)(A) provides, in pertinent part:  "[T]he plaintiff may dismiss an action *without a court order* by filing:  (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  (Emphasis added).  It is clear, from the plain text of the Rule, that plaintiff is entitled to a dismissal without prejudice, without court approval, because when she filed the Notice, defendant had not yet answered.

The Fourth Circuit has said:

> If the plaintiff files a notice of dismissal before the adverse party serves it with "an answer or a motion for summary judgment", *the dismissal is available as a matter of unconditional right, and is self-executing*, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required.

*Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993) (citations omitted) (emphasis added); *see also Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) ("Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.").

In *Federal Practice & Procedure*, Charles Alan Wright and Arthur R. Miller acknowledge that the tactic of dismissing a federal case and filing a new action in state court, "preclud[ing] removal by . . . a change in the amount sought . . . or otherwise," is "frequently" employed by plaintiffs who do not wish to pursue their claims in federal court.  9 CHARLES ALAN

WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2363 (3d ed. 2008). Plaintiff's motive, however, is not relevant, given the posture of this case. When plaintiff filed her Notice on March 30, 2011, the defendant had not yet answered. By filing her Answer on March 31, 2011, defendant's horse inched over the proverbial finish line one day too late.

An Order consistent with this Memorandum Opinion will follow.

_____/s/_____
Ellen Lipton Hollander
United States District Judge